## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
IN RE:                       )   Chapter 7
                             )
BRUNSWICK, JAMES Al, JR., and )  Case No. 04-11309 (MFW)
BRUNSWICK, KAI MICHELE,      )
                             )
            Debtors          )
_____)
                             )
JEOFFREY L. BURTCH,          )
CHAPTER 7 TRUSTEE,           )
                             )
            Plaintiff,       )   Adv. Proc. No. 06-50898(MFW)
                             )
       v.                    )
                             )
ACCREDITED HOME LENDERS, INC.,)
                             )
            Defendant.       )
                             )
_____)
```

### MEMORANDUM OPINION[1]

Before the Court are the Motion of Accredited Home Lenders, Inc. ("Accredited") for dismissal of the above captioned complaint and the Motion of Chase Home Finance, LLC ("Chase") to intervene.  For the reasons discussed below, the Court will deny Accredited's Motion to dismiss and grant Chase's Motion to intervene.

---

[1] In this Opinion, the Court makes no findings of fact and conclusions of law on the Motion to dismiss pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 7052 (applying Fed. R. Civ. P. 52(a) which provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 . . . .").  This Opinion does, however, constitute the findings of fact and conclusions of law on the Motion to intervene pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.    <u>BACKGROUND</u>

On May 3, 2004, James and Kai Brunswick (collectively the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and Jeoffrey L. Burtch (the "Trustee") was appointed the chapter 7 trustee.  The Debtors listed their principle residence located at 6 Lilac Court, Newark, Delaware (the "Property") as an asset on their bankruptcy schedules.  The Debtors had purchased the Property on October 17, 2003, borrowing $165,000 from Accredited for that purpose and securing that loan with a mortgage on the Property (the "Mortgage").

The Trustee sought authority to sell the Property for $215,900.  On June 24, 2005, the Court approved the sale of the Property.  The sale closed on June 29, 2005, and the Trustee filed a Trustee's Report regarding the sale of the Property on June 30, 2005.

More than four months after the sale, on November 8, 2005, the Trustee received a payoff statement on the Mortgage from Chase.  On November 10, 2005, the Trustee tendered a check for the principal amount due of $163,019.12, but disputed additional charges contained in the payoff statement.  Specifically, the Trustee questioned the prepayment penalty, accrual of interest and $100 corporate advance fee.  After brief attempts to settle the dispute, communications went stale.

As a result, on October 6, 2006, the Trustee filed a Complaint against Accredited, demanding that it: (1) satisfy the mortgage; (2) limit the interest to the amount due as of June 30, 2005; (3) accept late charges in the amount of $173.07; (4) accept a recording fee in the amount of $33.00; and (5) pay attorney's fees and costs to the estate.

In response, on November 21, 2006, Accredited filed a Motion to dismiss the Complaint.  In support of its motion, Accredited filed an affidavit stating that it had sold the loan and retained no interest in the Mortgage.  On November 22, 2006, Chase filed a Motion to intervene in this action alleging that it is the real party in interest.  The Trustee opposed Accredited's Motion and filed a limited objection to Chase's motion.  Briefing on the Motions is complete, and the matters are now ripe for decision.


II.   <u>JURISDICTION</u>

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 (b) & 157(b)(1).  This proceeding is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).


III. <u>DISCUSSION</u>

Accredited moves for dismissal of the Complaint against it under Rule 12(b)(6) and Rule 12(b)(7) of the Federal Rules of

Civil Procedure, which are made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.  Specifically, Accredited argues that the Trustee's Complaint fails to state a claim for which relief can be granted and fails to include an indispensable party.

Chase moves under Rule 24(a) and (b) of the Federal Rules of Civil Procedure, which is made applicable to adversary proceedings by Rule 7024 of the Federal Rules of Bankruptcy Procedure.  Specifically, Chase argues that the Court should permit it to intervene in this adversary proceeding.

A.   <u>Rule 12(b)(6) Dismissal</u>

1.   <u>Standard of Review</u>

A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  To succeed on a Rule 12(b)(6) motion to dismiss, the movant must establish "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  <u>See also</u> <u>City of Phila. v. Lead Indus. Ass'n, Inc.</u>, 994 F.2d 112, 118 (3d Cir. 1993).  "In deciding a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004).  All reasonable inferences are drawn in

4

favor of the plaintiff.  <u>Kost</u>, 1 F.3d at 183.  "The issue is not
whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims."
<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  <u>See also</u> <u>Maio v.
Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000); <u>In re OODC, LLC</u>,
321 B.R. 128, 134 (Bankr. D. Del. 2005) ("Granting a motion to
dismiss is a 'disfavored' practice.").

     2.   <u>Accredited's Motion to Dismiss</u>

Accredited argues that the Complaint against it fails to
state a claim because it no longer has an interest in the
Mortgage.  Accredited claims that it sold the Mortgage to Morgan
Stanley on January 15, 2004.  (Motion to Dismiss, Exhibit A, ¶¶
4-5.)  This is supported, Accredited asserts by the Debtor's
bankruptcy schedules which do not list it as the holder of a
secured or unsecured claim.  In fact, the Debtors' proposed
reaffirmation agreement identified Chase Manhattan Mortgage as
the holder of the Mortgage.  Accredited also notes that the
Trustee's Complaint and exhibits show that the Trustee made no
attempt to communicate with Accredited to obtain a payoff
statement with respect to the Mortgage.  Accordingly, Accredited
contends that the Complaint cannot state a claim against it as a
matter of law.

The Trustee argues that Accredited has failed to show
"conclusively" that it is not the holder or servicer of the

Mortgage.  The Trustee contends that Accredited (or Chase) should
be able to provide documentary evidence of the assignment of the
Mortgage rather than merely an affidavit to that effect.

The Court agrees with the Trustee.  In considering a Motion
to dismiss, the Court must accept the allegations of the
Complaint as true.  In his Complaint, the Trustee has alleged
that the Debtors executed the Mortgage in favor of Accredited
which was recorded.  (Complaint at ¶ 20 & Exh 13.)  It is this
Mortgage which the Trustee seeks to have satisfied.  Accredited
fails to establish "beyond doubt" that the Trustee can "prove no
set of facts in support of his claim which would entitle him to
relief."  Conley, 355 U.S. 41, 45-46 (1957).  Accordingly, the
Court concludes that the Trustee has pleaded sufficient facts to
state a claim.[2]

B.   Rule 24 Intervention

1.   Standard of Review

Both permissive intervention and intervention as a matter
of right require a "timely application."  Fed. R. Civ. P. 24(a),
(b).  To determine whether an application is timely, the Court
must consider all circumstances, including "(1) the stage of the
proceedings when the movant seeks to intervene; (2) possible
prejudice caused to the other parties by delay; and (3) the

---

[2]  The Court will not address the alternative argument made
under Rule 12(b)(7), because the arguments is mooted by the
Court's decision on Chase's Motion to intervene.

reason for delay." <u>Donovan v. United Steelworkers</u>, 721 F.2d 126,

127 (3d Cir. 1983) (<u>citing</u> <u>Pa. v. Rizzo</u>, 530 F.2d 501, 506 (3d

Cir. 1976).

    a.   <u>Intervention as a Matter of Right</u>

Rule 24(a)(2) provides for intervention as a matter of right

and states:

> Upon timely application anyone shall be permitted to
> intervene in an action . . . (2) when the applicant
> claims an interest relating to the property or
> transaction which is the subject of the action and the
> applicant is so situated that the disposition of the
> action may as a practical matter impair or impede the
> applicant's ability to protect that interest, unless
> the applicant's interest is adequately represented by
> existing parties.

Fed. R. Civ. P. 24(a)(2).

An applicant seeking to intervene as a matter of right must

prove four elements: (1) a timely application; (2) a sufficient

interest relating to the subject matter of the action; (3) a

threat that the interest will be impaired or affected, as a

practical matter, by the disposition of the action; and (4)

inadequate representation of the prospective intervenor's

interest by existing parties to the litigation. <u>Kleissler v.</u>

<u>U.S. Forest</u>, 157 F.3d 964, 969 (3d Cir. 1998).

    2.   <u>Chase's Motion to Intervene</u>

Chase asserts in its motion that at the time the mortgage

was executed, Mortgage Electronic Registration System, Inc.

("MERS") was named as the mortgagee as a nominee of Accredited.

(Motion to Intervene at ¶ 4.)  Chase further asserts "upon information and belief, by way of an assignment of the rights in the Mortgage and Note through MERS, Chase is the real party in interest as the servicing agent that is entitled to receive the benefits and/or payments arising under the Mortgage Loan."  (Id. at ¶ 5.)  Consequently, Chase argues that it has a protectable interest in the adjudication of the Complaint and that the Court must allow it to intervene as a matter of right in this action to protect its interest in the assets of the Debtors' estate, namely the amounts due under the mortgage.  Chase asserts that it meets the requirements set forth by Rule 24(a) as interpreted by the Third Circuit.  See Kleissler, 157 F.3d at 969.

Further, Chase argues that its motion is timely.  While an answer to the Complaint was originally due on November 13, 2006, Chase was not a named party.  Chase filed its  motion to intervene on November 22, 2006, after requesting an extension of time until, to answer or otherwise plead, which the Court granted.  Chase notes that it has complied with Rule 24(c) by attaching an answer to its motion.  For these reasons, Chase asserts that its motion is timely.

Lastly, Chase asserts that its interest will not be adequately represented by Accredited.  Chase points to Accredited's motion to dismiss which states that Accredited no longer holds an interest in the mortgage loan.  Therefore, if

8

Chase is not permitted to intervene, no one will represent its interest, as servicer on the Mortgage, and its interest will be adversely affected if less than the full amount is paid on the Mortgage.

The Trustee requests that this Court grant Chase's motion. The Trustee has only a limited concern about Chase's intervening in this action: Chase only admits its interest as the servicer of the Mortgage.  The Trustee contends that Chase has never admitted it owns the Mortgage and, therefore, Chase would not be entitled to the payments due under the Mortgage.  The Court concludes, however, that this issue is best addressed at the trial on the merits of the Complaint.

The Court concludes that Chase has met its burden of proving intervention as a matter of right.[3]  The Court finds that Chase's Motion (1) is timely; (2) identifies a protectable interest; (3) establishes how its interest will be impaired; and (4) that there is inadequate representation otherwise.  Therefore, the Court concludes that Chase has established its right to intervene in this action.  See Kleissler 157 F.3d at 974.


IV.  CONCLUSION

For the forgoing reasons the Court will deny the Motion of Accredited for dismissal and grant the Motion of Chase to

---

[3] A decision on Chase's alternative argument for permissive intervention is therefore moot.

intervene.

An appropriate Order is attached.


Dated: March 21, 2007          BY THE COURT:


Mary F. Walrath
United States Bankruptcy Judge